**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4271**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS TRAY SHARMONE KEARNEY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (CR-04-15)

_____

Submitted: August 4, 2006      Decided: September 12, 2006

_____

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Walter H. Paramore, III, WALTER H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant. Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United Sates Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas Tray Sharmone Kearney entered a guilty plea to robbery of a postal carrier and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 2114(a) (2000) (Count One), and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2000) (Count Two). He received a sentence of 120 months' imprisonment on Count One and 84 months on Count Two to run consecutively.

Kearney's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that he has concluded there are no meritorious issues for appeal, but questioning whether the district court erred in sentencing Kearney to a seven year mandatory minimum sentence under § 924(c) on Count Two for brandishing a weapon when he was advised of a five-year mandatory minimum sentence at the plea hearing and was not advised of the potential two-year increase for brandishing a weapon, and whether the sentence was imposed consistent with United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005), and was reasonable. Kearney filed a pro se supplemental brief, arguing that his plea was involuntary, the district court failed to comply with the requirements of Fed. R. Crim. P. 11 in the guilty plea hearing, and that his counsel was ineffective. Finding no reversible error, we affirm.

Because Kearney did not move in the district court to withdraw his guilty plea on the basis of Rule 11 errors, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. Id. If the three elements of the plain error standard are met, the court may exercise its discretion to notice error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732-37 (1993)(citation omitted).

At the plea hearing, the district court informed Kearney that the statutory mandatory minimum for the firearm offense was five years to a maximum of life imprisonment. Kearney was not advised until the presentence report was prepared that he actually faced a mandatory minimum sentence of seven years' imprisonment on Count Two because he "brandished" the weapon. We find that the district court erred in misstating the mandatory minimum sentence and that the error was plain.* See Fed. R. Crim. P. 11(b)(1)(I) (requiring district court to inform defendant in open court about

_____

*The district court also stated that the maximum term of imprisonment on Count One was twenty-five years under § 2114(a). However, the probation officer determined the maximum term to be ten years' imprisonment. Because Kearney was sentenced to a lesser term than the twenty-five-year maximum erroneously stated by the district court, we find his substantial rights were not affected.

- 3 -

the applicable mandatory minimum sentences).  Kearney bears the burden of demonstrating a reasonable probability that, but for the error, he would not have pled guilty.  United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).  Kearney does not allege that he would not have pled guilty absent the court's error.  Moreover, even after learning of the court's error following preparation of the presentence report, Kearney did not move to withdraw his guilty plea based on the error.  The record does not otherwise suggest that the error likely affected Kearney's decision to plead guilty in this case.  Kearney was advised that the sentencing range was between five years and life, and he received seven years, far less than he knew was possible.  Finally, there is no genuine dispute over whether Kearney in fact brandished the gun.  At no point below or on appeal has Kearney alleged that he did not, and the factual basis proffered by the Government for the plea made clear that the brandishment was crucial to the execution of the crime in this case.

Next, Kearney's counsel questions whether Kearney's sentence under the advisory guidelines was imposed consistent with Hughes and was reasonable.  Kearney's sentence, which was imposed within the advisory guideline range and within the statutory mandatory minimums and maximums, was presumptively reasonable.  See United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, 126 S. Ct. 2309 (U.S. May 22, 2006) (No. 05-10474).  A

- 4 -

defendant can only rebut this presumption by showing the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375 (4th Cir. 2006). A sentence may be procedurally unreasonable when the district court provides an inadequate statement of reasons. United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006), cert. denied, 126 S. Ct. 2054 (U.S. May 15, 2006) (No. 05-10393). However, a court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

A "specific reference [at sentencing] to § 3553(a) factors [is] certainly not required." Johnson, 445 F.3d at 345. This court has further held that "[t]he district court need not discuss each factor set forth in § 3553(a) 'in checklist fashion'; 'it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.'" Moreland, 437 F.3d at 432 (quoting United States v. Dean, 414 F.3d 725, 729 (7th Cir. 2005)). Here, the district court asked Kearney's counsel to discuss mitigating factors. Counsel argued that Kearney's extensive cooperation following his arrest was a mitigation factor. The district court repeatedly referred to the guidelines as advisory and to the Hughes case. In imposing sentence, the district court noted that the advisory guideline range on Count One was calculated to be 140 to 175 months'

imprisonment, but that the sentence was capped at 120 months based on the statutory maximum. The court further noted it had discretion to impose a sentence that was lower than 120 months. As to Count Two, the court stated that it was bound by the mandatory minimum 84-month sentence, although the sentence could be up to life. Because the 120-month sentence on Count Two was within the sentence provided by the criminal statutes for robbery and the 84-month consecutive sentence on Count Two was within the statutory sentence for brandishing a weapon during a crime of violence, we find that Kearney's sentence was reasonable.

Kearney argues in his pro se supplemental brief that his counsel was ineffective. Because the record does not conclusively establish ineffective assistance of counsel, we find these claims are not cognizable on direct appeal. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991) (holding that claims of ineffective assistance of counsel must be brought in a collateral proceeding under 28 U.S.C. § 2255 (2000), unless it conclusively appears from the face of the record that his counsel was ineffective).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Kearney's conviction and sentence. We also grant Kearney's motion for limited dismissal of his supplemental brief and deny Kearney's counsel's motion to withdraw

as counsel.  This court requires that counsel inform Kearney, in writing, of the right to petition the Supreme Court of the United States for further review.  If Kearney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Kearney.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED